**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 04-0965-PHX-SMM |
| ) | |
| Plaintiff, ) | CV 07-0187-PHX-SMM (HCE) |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Fabian Franco-Saenz, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

Movant Fabian Franco-Saenz ("Movant"), presently confined in the Central Arizona Detention Center in Florence, Arizona, filed a *pro se* Motion for Time Reduction by an Inmate in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. # 32). The Court will summarily dismiss the motion.

**I.	Procedural Background**

Pursuant to a plea agreement, Movant pled guilty to conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203 and conspiracy to harbor illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(iii) and (a)(1)(A)(v)(1). On January 16, 2007, the Court sentenced Movant to a 232-month term of imprisonment. (Doc. #30).

In his § 2255 motion, Movant seeks a reduction in sentence on the basis that as a deportable alien, he is ineligible for placement in a halfway house or early release for completion of a drug treatment program. See 18 U.S.C. § 3621(e)(2)(B) (sentence may be

1 reduced by up to one year for successful completion of drug treatment program); 18 U.S.C. § 3624(c) (ten percent of a sentence, but no longer than six months, may be served "under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community"). Movant claims his equal protection rights have been violated.

**II.     Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), RULES GOVERNING § 2255 ACTIONS. The district court need not hold an evidentiary hearing when the movant's allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous. Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). A district court may summarily dismiss a motion to vacate without ordering a response from the government where the record conclusively or plainly shows that the movant is not entitled to relief. Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). Here, Movant plainly is not entitled to relief.

**III.    Movant is Not Entitled to Relief**

    **A. Nature of Claim**

A motion filed pursuant to § 2255 is for a person "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Movant's request for a sentence reduction does not fit in any of these categories and thus is not a proper subject for § 2255 relief.

In addition, under the present circumstances, the Court cannot reduce Movant's sentence. A judgment of conviction that includes a sentence is final except in extremely limited circumstances. 18 U.S.C. § 3582(b). With few narrow exceptions, which do not

apply here, a court generally may not correct or modify a sentence once it has been imposed. 18 U.S.C. § 3582(c); United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).

Finally, the sentencing reduction issue raised by Movant was squarely at issue in United States v. Martinez-Ramos, 184 F.3d 1055 (9th Cir. 1999). In Martinez-Ramos, the United States Court of Appeals for the Ninth Circuit held that for convictions under 8 U.S.C. § 1326, status as a "deportable alien cannot be a ground for downward departure because deportable alien status is an element of the crime that was necessarily taken into account by the Sentencing Commission in crafting the offense level of a § 1326 violation." Id. at 1056. As a clear matter of law, therefore, Movant was not and is not entitled to a downward departure on the ground that he is a deportable alien.

Movant's equal protection claim has also been rejected by the Ninth Circuit. In McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir.1999), cert. denied, 528 U.S. 1086 (2000), the court of appeals affirmed the denial of an equal protection challenge to the Bureau of Prisons ("BOP") policy excluding prisoners with immigration detainers from eligibility for sentence reduction under a residential substance abuse treatment program. The court held that "excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." Id. at 1186. That conclusion applies with equal force to the BOP policy excluding prisoners with immigration detainers from early release to community confinement programs.

**B. Waiver**

In addition, Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton,

- 3 -

Case 2:07-cv-00187-SMM    Document 2    Filed 02/05/2007    Page 3 of 5

391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). For example, a waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. Id.

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 ( declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Movant made the following waiver:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the indictment or information, or to the petition to revoke, or to the Court's entry of judgment against defendant and imposition of sentence upon defendant, provided that the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28 ,United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

1 (Doc. # 31 at 6). Movant indicated in his plea agreement that he had discussed the terms
2 with his attorney, that he agreed to the terms and conditions, and that he entered into it
3 voluntarily (Doc. # 31 at 10).

4 Movant's assertions in his § 2255 motion all pertain to sentencing and do not pertain
5 to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition
6 of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his
7 plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing
8 issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion.

9 **IT IS THEREFORE ORDERED** that the reference of this case to the magistrate
10 judge is withdrawn as to Movant's Motion for a Time Reduction Pursuant to 28 U.S.C. §
11 2255 (Doc. # 32).

12 **IT IS FURTHER ORDERED** that the Motion for a Time Reduction Pursuant to 28
13 U.S.C. § 2255 (Doc. # 32) is **DENIED** and that the civil action opened in connection with
14 the Motion (CV 07-0187-PHX-SMM (HCE)) is **DISMISSED**.

15 **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment
16 accordingly.

17 DATED this 2nd day of February, 2007.

_____
Stephen M. McNamee
United States District Judge